# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 50391 | **DATE** | 3/12/2004 |
| **CASE TITLE** | Countrwide Home Loans vs. Wilkerson | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   For the reasons stated on the reverse memorandum and opinion, the court denies plaintiff's motion for summary judgment and also denies plaintiff's motion for a judgment of foreclosure and appointment of a special commissioner without prejudice as premature. The court further grants plaintiff's motion for default order as to Citifinacial Services( see separate order of default entered this date). This matter is set for status on April 21, 2004, at 9:00 am before Judge Reinhard.

(11) ■ [For further detail see order on the reverse side of the original minute order and attached.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAR 12 2004 | 22 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LC | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Countrywide Home Loans, Inc., filed a mortgage foreclosure action, naming as defendants, Bobby Wilkerson, Karen Wilkerson, the City of DeKalb, and Citifinancial Services, Inc. On January 16, 2004, plaintiff filed a motion for default order against Citifinancial Services (served but no appearance or answer), and a motion for summary judgment as to both Wilkersons and the City of DeKalb. The Wilkersons filed a response to the summary judgment motion, objecting to the foreclosure based on plaintiff's purported failure to either conduct a face-to-face meeting or make reasonable efforts to arrange such a meeting in violation of section 203.604 of the Code of Federal Regulations, 24 C.F.R. § 203.604. Plaintiff, in turn, submitted an affidavit stating that on July 17, 2003, one of its field services representatives went to the Wilkersons' home in an attempt to conduct a face-to-face meeting, found no one home (presumably), and left a card on the door requesting the Wilkersons to contact plaintiff to arrange the meeting. According to the affiant, the Wilkersons failed to contact plaintiff thereafter to arrange a meeting.

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Hardy v. University of Illinois at Chicago, 328 F. 3d 361, 363 (7th Cir. 2003). It is undisputed here that under Illinois law the failure to comply with HUD's mortgage services requirements is a complete defense to a mortgage foreclosure action. See Mellon Mortgage Co. v. Larios, 1998 WL 292387, * 2 (N.D. Ill. May 20, 1998), citing Bankers Life Co. v. Denton, 120 Ill. App. 3d 576, 579, 458 N.E. 2d 203, 205 (1983); Mortgage Assoc., Inc. v. Smith, 1986 WL 10384, * 2 (N.D. Ill. Sept. 16, 1986).

Under section 203.604 of the Code of Federal Regulations, a mortgagee must have a face-to-face meeting with the mortgagor, or make a reasonable effort to arrange such a meeting prior to proceeding with a foreclosure. 24 C.F.R. § 203.604(b). A face-to-face meeting is not required if a reasonable effort to arrange the meeting is unsuccessful. 24 C.F.R. § 203.604(c)(5). A reasonable effort to arrange such a meeting "shall consist at the minimum of one letter sent to the mortgagor certified by the Postal Service as having been dispatched." 24 C.F.R. § 203.604(d). Such a reasonable effort to arrange a face-to-face meeting "shall also include at least one trip to see the mortgagor at the mortgaged property" unless certain exceptions not applicable here exist. See 24 C.F.R. § 203.604(d). The court interprets this straightforward language to require both the sending of a certified letter and a personal visit to constitute a reasonable effort at arranging a face-to-face meeting.

In this case, plaintiff has established as a matter of fact that it made the personal visit to the mortgaged property, although the Wilkersons were apparently not home and a face-to-face meeting never took place. The Wilkersons' unsupported assertion that such a visit did not occur does not create a question of material fact in that regard in the face of plaintiff's affidavit.

Plaintiff has not offered at this point, however, any evidence that it also sent a certified letter in an effort to arrange such a meeting. The burden to offer such proof belongs to plaintiff as it is seeking to avail itself of the exception to the general requirement that a face-to-face meeting actually take place. Having failed to do so, plaintiff has not established that it is entitled to judgment as a matter of law. The court, therefore, denies plaintiff's summary judgment motion.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Countrywide Home Loans, Inc.<br>        Plaintiff | )<br>)<br>) |
| VS. | )  NO. 03 C 50391<br>)  Judge REINHARD |
| Bobby Wilkerson a/k/a Bobby E.<br>Wilkerson, Karen Wilkerson a/k/a<br>Karen L.S. Wilkerson, City of DeKalb<br>and Citifinancial Services, Inc.<br>        Defendants | )<br>)  This is an attempt to collect a debt<br>)  and any information obtained will<br>)  be used for that purpose. |

## DEFAULT ORDER

THIS CAUSE COMING ON TO BE HEARD ON motion of plaintiff for entry of an Order finding certain Defendant in default;

IT IS HEREBY ORDERED that the following defendant is in default:

Citifinancial Services, Inc.

ENTERED: _____
                           JUDGE

Kenneth H. Fisher, Barry M. Fisher, Elizabeth Kaplan Meyers,
Renee Meltzer Kalman, Michael S. Fisher, Marc D. Engel,
Cynthia A. Sutherin, James R. Riegel, Randal S. Berg,
F. Allan Storning, Joseph M. Herbas
FISHER AND FISHER, Attorneys at Law, P. C.
120 North LaSalle Street, Suite 2520
Chicago, IL 60602
Telephone: (773) 854-8055
ARDC# 816108